UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICK WILSON, )
   Plaintiff, )
)
vs. )
)
MACON COUNTY JAIL, )
   Defendant. ) | Case No. 21-2073 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. Approximately a month after Plaintiff filed his initial complaint, he submitted a second proposed complaint which was filed as a Motion for Leave to Amend. [3]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [3].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The light print in the amended complaint makes it difficult to read. However, Plaintiff is suing the Macon County Jail based on "inhumane living conditions." (Amd. Comp., p. 1). Plaintiff says on April 6, 2021, inmates began throwing urine through the

chuckhole which is used to receive food.  Plaintiff was not given any supplies to clean it up.

On April 14, 2021, "urine sat in day room" throughout the day and it was never cleaned. (Amd. Comp., p. 5).  Plaintiff says Officer Harvey refused repeated requests from Plaintiff and other inmates to provide cleaning supplies.  Plaintiff also asked for a grievance form, but he was told to fill out a request slip.  Plaintiff says he filled out three request slips asking for a grievance, but he never received a response.

On April 15, 2021, urine was again thrown through Plaintiff's chuck hole, but it was never cleaned.   Plaintiff also claims no one cleaned the showers which had black mold.  Plaintiff sent another request slip with no response.

On the same day, urine again pooled on the floor with no clean up.  Plaintiff does not clarify if this was in the dayroom.  Jail staff responded by placing the inmates on lock down for four hours.  It is difficult to decipher any remaining claims, but it appears Plaintiff is listing potential witnesses. Plaintiff asks for damages or his release from custody.

There are several problems with Plaintiff's amended complaint.  First, Plaintiff cannot sue the Macon County Jail because it is a building and not a person or policymaking unit of government which can be sued pursuant to 42 U.S.C. §1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity).

If Plaintiff was attempting to state an official capacity claim, he must allege the inhumane living conditions were the result of a policy or practice at the jail and name the Sheriff as a Defendant in his official capacity.  *See Monell v. Dep't of Soc. Servs. of City*

2

of New York, 436 U.S. 658 (1978). Plaintiff can also hold an individual liable under Section 1983, if he alleges the named "defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

For instance, Plaintiff has adequately alleged Officer Harvey was aware there was urine on the floor on April 14, 2021, but the Defendant refused repeated requests to provide cleaning supplies or to have the area cleaned. Did Plaintiff ask other officers for cleaning supplies or did he report the urine thrown through his chuckhole to officers on April 6, 2021 or April 15, 2021? Did any officer know there was urine on the floor on April 15, 2021, but refused to clean it or give inmates cleaning supplies? Also, did the Sheriff or any officers know about the black mold in the showers and refuse to have it cleaned? How were they aware of the problem?

In addition, Plaintiff has requested both damages and his release from incarceration. Plaintiff's claims are alleged pursuant to 42 U.S.C. §1983. Therefore, Plaintiff may pursue damages in this lawsuit. However, to the extent Plaintiff is seeking his release, his sole remedy is a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, Plaintiff should clarify whether he was a pretrial detainee at the time of his allegations or whether he was a convicted prisoner. Plaintiff's status will determine

whether the Fourteenth or Eighth Amendment standard applies to his claims. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017).

Rather than limit Plaintiff's claim to one incident against Officer Harvey, the Court will allow Plaintiff an opportunity to clarify his claims alleging several incidents with an amended complaint. The amended complaint must stand complete on its own, including all claims against all Defendants, and must not refer to the initial complaint. Plaintiff's amended complaint must provide the specific information noted in this order. In addition, Plaintiff must write clearly and legibly. Finally, Plaintiff must not name the jail as a Defendant.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [3].

2) Plaintiff may file an amended complaint within 21 days or on or before August 19, 2021 clarifying his claim. If Plaintiff fails to file his proposed amended complaint on or before August 19, 2021 or fails to follow the Court's instructions and provide the necessary information, his case may be dismissed.

3) Plaintiff must immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him, and to reset the internal merit review deadline within 30 days.

ENTERED this 28th day of July, 2021.

                                            s/James E. Shadid
                   _____
                                           JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE